## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-535-M |
| | ) | |
| STATE AUTO INSURANCE | ) | |
| COMPANIES; STATE AUTO | ) | |
| PROPERTY CASUALTY INSURANCE | ) | |
| COMPANY; LEDBETTER | ) | |
| INSURANCE AGENCY, INC., and | ) | |
| MARK HOLLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed June 16, 2008.  On July 7, 2008, defendants filed their responses, and on July 18, 2008, plaintiff filed his replies to defendants' responses.  Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On January 7, 2008, plaintiff filed the instant action in the District Court of Oklahoma County, State of Oklahoma, alleging claims of breach of contract and breach of the duty to deal fairly and in good faith against defendants State Auto Insurance Companies and State Auto Property Casualty Insurance Company ("State Auto") and claims of negligence, bad faith, breach of contract, and misrepresentation against defendants Ledbetter Insurance Agency, Inc. ("Ledbetter") and Mark Holland ("Holland").  On May 20, 2008, State Auto filed a Notice of Removal in this Court.  In its notice, State Auto asserts this Court has original subject matter jurisdiction under the provisions of 28 U.S.C. § 1332 and this action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that, excluding Ledbetter and Holland, who are fraudulently

joined defendants, it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiff now moves to remand this case back to state court.

II.    Discussion

Plaintiff contends that this action should be remanded because State Auto's Notice of Removal was untimely filed.[1]  In order to timely remove a case from state to federal court,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  "Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotations omitted).  Further, in the fraudulent joinder context, a defendant has 30 days from the date that the fraudulent joinder could first be ascertained in which to file a notice of removal.  *See* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice*

---

[1]In his motion, plaintiff also contends no fraudulent joinder exists in this case.  Because this Court finds State Auto's notice of removal is untimely, the Court declines to address whether Ledbetter and Holland were fraudulently joined.

*and Procedure* § 3732 (3d ed. 1998) (noting that "federal district courts have required that the notice of removal be filed within thirty days of receiving information indicating that there has been a fraudulent joinder"); *see also Yount v. Shashek*, 472 F. Supp. 2d 1055, 1063-66 (S.D. Ill. 2006); *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298 (M.D. Ala. 2003); *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672 (E.D. Tex. 1999).

In its Notice of Removal, State Auto asserts that its notice is timely filed because on April 21, 2008, it received the Affidavit of Mark Holland, which identified that Ledbetter and Holland had been fraudulently joined.  Specifically, in paragraph 9 of his affidavit, Holland states:

> I have spoken to Mr. Hopkins and to his attorney, Mr. Darrah, early on in this matter.  Both Mr. Hopkins and Mr. Darrah explained to me that I, personally, and Ledbetter Insurance Agency, Inc. were being named in this lawsuit only to keep this lawsuit in state court and to prevent it from being removed to federal court.  Both Mr. Hopkins and Mr. Darrah told me that neither I nor anyone at Ledbetter Insurance Agency, Inc., had done anything wrong.  Mr. Darrah asked that I meet with him at his office, but I declined.

April 21, 2008 Affidavit of Mark Holland attached as Exhibit 14 to State Auto's Notice of Removal.

In his motion, plaintiff asserts that State Auto received information prior to April 21, 2008 indicating that there had been fraudulent joinder.  Specifically, plaintiff contends that State Auto had the information set forth in Holland's affidavit at least as early as February 19, 2008, when State Auto's counsel, Pansy Moore-Shrier, executed an affidavit which was attached to State Auto's Motion to Dismiss or, Alternatively, Motion to Stay and Conduct Jurisdictional Discovery, which was filed in state court.  In her affidavit, Ms. Moore-Shrier states, in pertinent part:

> Holland told me that Hopkins said that he did not intend to proceed against Ledbetter and/or Holland, but had added them as defendants in the State Court Proceeding to prevent the case from being litigated in Federal Court.

3

February 19, 2008 Affidavit of Pansy Moore-Shrier at ¶ 3.

Having carefully reviewed the parties' submissions, the Court finds that by February 19, 2008, State Auto had obtained information indicating that Ledbetter and Holland had been fraudulently joined and, thus, was able to intelligently ascertain removability. Specifically, the Court finds that the information contained in the April 21, 2008 affidavit is, in essence, the same information contained in the February 19, 2008 affidavit. Further, the Court finds that State Auto's contention in its response brief that the February 19, 2008 affidavit does not constitute an "other paper" from which removability could be obtained because it did not constitute a voluntary act by plaintiff but that the April 21, 2008 affidavit does constitute an "other paper" is without merit. If a voluntary act by plaintiff is necessary to having a paper create a removal right, then neither the February 19, 2008 affidavit nor the April 21, 2008 affidavit would create such removal right. The Court, thus, finds that State Auto's notice of removal was required to be filed within thirty days after February 19, 2008 and that its May 20, 2008 Notice of Removal, therefore, is untimely.

III.    Conclusion

Accordingly, the Court GRANTS plaintiff's Motion to Remand [docket no. 8] and REMANDS this action to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 23rd day of September, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE